UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| NICOLE A. HOLLOWAY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v.  ) | Case No. 3:23-CV-475-CCB |
| ) | |
| MARTIN J. O'MALLEY, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

**OPINION AND ORDER**

This matter comes before the Court on Plaintiff Nicole Holloway's ("Holloway") appeal of the Social Security Administration's Decision dated August 31, 2022 (the "Decision") which found that Holloway was not disabled and not entitled to disability benefits. The parties have briefed the appeal. After considering the briefing and the administrative record, the Court finds, for the following reasons, that the Decision must be affirmed.

**ANALYSIS**

*Standard of Review*

A claimant who is found to be "not disabled" may challenge the Commissioner's final decision in federal court. This Court must affirm the ALJ's decision if it is supported by substantial evidence and free from legal error. 42 U.S.C. § 405(g); *Steele v. Barnhart*, 290 F.3d 936, 940 (7th Cir. 2002). Substantial evidence is "more than a mere scintilla of proof." *Kepple v. Massanari*, 268 F.3d 513, 516 (7th Cir. 2001). It means "evidence a reasonable person would accept as adequate to support the decision." *Murphy v. Astrue*, 496 F.3d 630, 633 (7th Cir. 2007); *see also Diaz v. Chater*, 55 F.3d 300, 305 (7th Cir. 1995) (substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.") (citation and

quotations omitted). In determining whether there is substantial evidence, the Court reviews the entire record. *Kepple*, 268 F.3d at 516. However, review is deferential. *Skinner v. Astrue*, 478 F.3d 836, 841 (7th Cir. 2007). A reviewing court will not "reweigh evidence, resolve conflicts, decide questions of credibility, or substitute [its] own judgment for that of the Commissioner." *Lopez v. Barnhart*, 336 F.3d 535, 539 (7th Cir. 2003) (quoting *Clifford v. Apfel*, 227 F.3d 863, 869 (7th Cir. 2000)). Nonetheless, if, after a "critical review of the evidence," the ALJ's decision "lacks evidentiary support or an adequate discussion of the issues," this Court will not affirm it. *Lopez*, 336 F.3d at 539 (citations omitted).

While the ALJ need not discuss every piece of evidence in the record, he "must build an accurate and logical bridge from the evidence to [the] conclusion." *Dixon v. Massanari*, 270 F.3d 1171, 1176 (7th Cir. 2001). Further, the ALJ "may not select and discuss only that evidence that favors his ultimate conclusion," *Diaz*, 55 F.3d at 308, but "must confront the evidence that does not support his conclusion and explain why it was rejected," *Indoranto v. Barnhart*, 374 F.3d 470, 474 (7th Cir. 2004). Ultimately, the ALJ must "sufficiently articulate his assessment of the evidence to assure" the court that he "considered the important evidence" and to enable the court "to trace the path of the ALJ's reasoning." *Carlson v. Shalala*, 999 F.2d 180, 181 (7th Cir. 1993) (quoting *Stephens v. Heckler*, 766 F.2d 284, 287 (7th Cir. 1985) (internal quotation marks omitted)).

***Procedural Background***

Holloway filed an application for benefits on August 11, 2020, alleging disability beginning on September 27, 2019. The claim was denied initially and on reconsideration. On July 26, 2022, the parties participated in a telephone hearing before an ALJ. The ALJ issued an unfavorable decision on August 31, 2022. (R. 250-60). This appeal followed.

*The ALJ's Decision*

A person suffering from a disability that renders her unable to work may apply to the Social Security Administration for disability benefits. *See* 42 U.S.C. § 423(d)(1)(A) (defining disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months"). To be found disabled, a claimant must demonstrate that her physical or mental limitations prevent her from doing not only her previous work, but also any other kind of gainful employment that exists in the national economy, considering her age, education, and work experience. § 423(d)(2)(A). If a claimant's application is denied initially and on reconsideration, she may request a hearing before an ALJ. *See* 42 U.S.C. § 405(b)(1).

An ALJ conducts a five-step inquiry in deciding whether to grant or deny benefits: (1) whether the claimant is currently employed, (2) whether the claimant has a severe impairment, (3) whether the claimant's impairment is one that the Commissioner considers conclusively disabling, (4) if the claimant does not have a conclusively disabling impairment, whether she has the residual functional capacity to perform her past relevant work, and (5) whether the claimant is capable of performing any work in the national economy. *See* 20 C.F.R. § 404.1520(a*); Zurawski v. Halter*, 245 F.3d 881, 885 (7th Cir. 2001). If step four is answered in the affirmative, the inquiry stops and the claimant is found to be not disabled. If step four is answered in the negative, the ALJ proceeds to step five.

Here, at step one, the ALJ found that Holloway did not engage in substantial gainful activity since September 27, 2019, the alleged onset date. At step two, the ALJ determined that Holloway had the following severe impairments: peripheral neuropathy, porphyria, irritable bowel syndrome,

migraine headaches, gastroesophageal reflux disorder, hypertension, depression, and an anxiety disorder. (R. 252). The ALJ further found that Holloway had the non-severe impairments of alcohol abuse in early remission and Chiari malformation. (R. 252).

At step three, the ALJ found that Holloway did not have "an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526)". (R. 253). At step four, the ALJ found that Holloway had the residual functional capacity ("RFC") to:

> perform light work as defined in 20 CFR 404.1567(b) with additional limitations. Specifically, the claimant can lift, carry, push, and pull 20 pounds occasionally and ten pounds frequently. She can sit for six hours and stand and walk for four hours in an eight-hour workday; but requires the ability to change position every 20 to 30 minutes, for five to ten minutes at a time, while remaining on task at the workstation. She can frequently climb ramps and stairs, and occasionally climb ladders, ropes, or scaffolds. She can occasionally work at unprotected heights or with moving mechanical parts, is limited to occasional exposure to extreme cold, and must avoid concentrated exposure to dust, odors, fumes, and pulmonary irritants. She can perform simple, routine, repetitive tasks that do not involve frequent workplace changes or adaptions.

(R. 254).

Also at step four, the ALJ found that Holloway is unable to perform any past relevant work. (R. 258). However, at step five, the ALJ found that there are jobs that exist in significant numbers in the national economy that Holloway can perform. (R. 258). Thus, the ALJ ruled that Holloway was not disabled, as defined in the Social Security Act. (R. 259).

### The ALJ's Assessment of Holloway's RFC

As noted above, Holloway suffers from the severe impairment of porphyria, which is a blood disorder. Symptoms include, but are not limited to, pain in the belly, chest, legs or back,

digestive problems, and muscle pain, tingling and weakness. Holloway has an extensive medical history spanning from April 2019 to May 2022. Her most frequent complaints were pain in her abdomen and legs, which precipitated more than a few visits to the emergency room. Holloway contends that her porphyria prevents her from working full-time because she has intermittent, intense abdominal pain, rectal pain and bleeding, chest pain, weakness, and vomiting. Holloway argues that she would be off-task too frequently to maintain regular employment.

Holloway claims that the ALJ's RFC assessment is erroneous because it did not include any time off-task. Holloway contends that it is clear that she would need time off-task to treat her symptoms "in the form of either emergency treatment or the biweekly infusions she received for porphyria" and thus could not perform full-time work. (Opening at 17). Holloway accuses the ALJ of ignoring entire lines of contrary evidence and cherry-picking facts to support a finding of non-disability. Holloway claims the ALJ failed to acknowledge the time she spent going to doctor visits, seeking emergency room treatment, and getting her bi-weekly infusions.

To properly evaluate the ALJ's RFC assessment, it is instructive to quote here the ALJ's reasoning:

> The claimant testified that she suffers from stomach and bowel pain and lung problems due to porphyria disease. She added that she suffers from breathing issues and that doctors are still unsure what is wrong with her. She noted that she suffers from GERD attacks once or twice a month, neuropathy on the left side in the arms and legs and on the entire right side of the body, including her face, and has no blood flow in the toes. She reported having to use a shower chair, that she does chores once in a while, and that her roommate does most of the cooking. The claimant confirmed using the Internet daily and liking to draw. She denied she would be able to perform a sedentary job, as her pain attacks come on at any time, and reported only be able to stand for four to five minutes before needing to rest, walk a ½ block before needing to rest, and sit for 10 to 15 minutes before needing to rest. She further indicated she needs a cane, lies down

> during the day, and sleeps 20 hours a day due to fatigue and shortness of breath. She confirmed seeing a counselor every two to three months and that she grinds her teeth, has racing thoughts, suffers from anxiety, and wakes up at night.
>
> Medical records initially confirmed a diagnosis of hereditary coproporphyria (Exhibits 1F/4;3F/9; 12F/9; 34F/97). However, subsequent results in 2021 showed negative results for hereditary coproporphyria (Exhibit 8F/67-68). Regardless, she was treated the same for her acute intermittent porphyria in the form of Creon therapy with some improvement in symptoms (Exhibits 5F/9; 7F/22, 25, 37, 43, 49; 8F/13, 23, 25, 33, 45, 57, 62; 9F/2, 5; 11F/7; 12F/9; 18F/6, 15; 25F/6, 19; 34F/11, 21, 35, 64, 70, 85, 97, 104). However, this is considered intermittent. While the claimant reported neuropathy in both lower extremities (Exhibits 3F/8; 7F/22, 37; 8F/31; 11F/4, 7; 34F/11), an electromyograph from 2020 revealed only a mildly abnormal study showing right tibial motor bilateral sural sensory neuropathies without evidence of active acute or chronic right lumbosacral radiculopathy at any level and no myopathy (Exhibit 7F/31-32), and examinations at the Neuro Clinic noted no spasms, a normal straight leg raise, a normal gait, and normal balance (Exhibit 6F/5).
>
> GERD episodes are sporadic and treated without complications (Exhibits 5F/9; 9F/2; 11F/7; 26F/16, 19; 34F/115). The claimant's migraine headaches have shown significant improvement with treatment (Exhibits 34F/175). Other symptoms including abdominal pain, nausea, vomiting, and irritable bowel syndrome are also all intermittent in nature and respond well to treatment (Exhibits 5F/2, 5; 6F/5; 8F/13; 9F/5; 11F/4; 23F/16-20, 33, 172-73, 317, 340, 346, 378; 24F/19; 28F/6; 34F/70, 103).

(R. 255-56).

Additionally, the ALJ held that:

> The medical record fails to conclusively establish that the limitations resulting from the claimant's impairments are totally work preclusive, or greater than provided in the residual functional capacity adopted above. The claimant testified that she could perform some household cleaning chores, goes grocery shopping, uses the Internet on a regular basis, and likes to do art and drawing. Despite her allegations of serious mental limitations, the claimant testified that she only sees her therapist every two to three months. I also note that no treating or examining medical professional has offered an opinion that the

> limitations resulting from the claimant's impairments are totally work preclusive, or greater than provided in the residual functional capacity at finding five.
>
> After careful consideration of the evidence, I find that the claimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms. However, the claimant's statements concerning the intensity, persistence and limiting effects of her symptoms are not entirely consistent with the medical evidence and other evidence in the record, for the reasons explained in this decision. I am in no way implying that the claimant does not experience some significant limitations due to her impairments. However, the limitations alleged by the claimant that find support within the objective medical record have been accommodated by the limitations included in the above residual functional capacity assessment.

(R. 257-58).

A review of the exhibits cited by the ALJ shows the ALJ did, in fact, consider Holloway's multiple visits to the emergency room and her visits to health care providers. However, the record as a whole shows that Holloway's symptoms were intermittent and were either lessened or resolved with treatment. (R. 255-56, 587, 721, 760, 1606).  Moreover, the record as a whole is unremarkable and contains multiple normal physical exams (R. 591-93, 778-80, 810), as well as normal test results (R. 629-30, 813).  The end result here is that even though Holloway went to the emergency room complaining of abdominal pain and other symptoms, there is no objective evidence that Holloway would continue to need such care. Moreover, there is no evidence that Holloway's symptoms were ongoing at a work-preclusive frequency.  As the Commissioner points outs, between December of 2020 and the August 2022 hearing, Holloway did not visit the emergency room for abdominal pain.  Additionally, the record shows that Holloway stopped her bi-weekly infusions in April of 2021, after testing did not support a porphyria diagnosis. (R. 587, 792).  Thus, there was no reason for the ALJ to have mentioned these infusions in his analysis of Holloway's

RFC. Clearly, where the evidence does not support a claim of excessive absenteeism or time off-task, there is no basis for remand. *Combs v. Kijakazi*, 69 F.4th 428, 436 (7th Cir. 2023)(claimant bears burden of proving treatment would cause an unacceptable level of absenteeism).

Holloway next argues that the RFC should have included time off-task for her migraines. Holloway claims that since the ALJ recognized the migraines as a severe impairment, he was required to account for their occurrence in the RFC. Holloway also objects to the fact that the ALJ did not subject a February 6, 2022 MRI of Holloway's brain to medical expert scrutiny. Holloway describes this MRI as "objective corroboration of the occurrence of migraine headaches." (Opening at 23).

With respect to the first argument, it is clear that the existence of an impairment or a diagnosis does not automatically require related restrictions in the RFC. *Skinner v. Astrue*, 478 F.3d 836, 845 (7th Cir. 2007). A claimant must not only prove the existence of the impairment, she must also prove the existence of limitations. *Deborah M. v. Saul*, 994 F3d 785, 791 (7th Cir. 2021) (holding that the ALJ properly omitted manipulative limitation from the RFC where no doctor found such a limitation); *Yurt v. Colvin*, 758 F3d 850, 857 (7th Cir. 2014)(ALJ must include limitations supported by the medical record); *see also, Reynolds v. Kijajazi*, No. 21-1624, Slip Op. at 6 (7th Cir. February 1, 2022)(ALJ did not err by not including a qualitative interaction limitation in the RFC where no evidence of the limitation existed in the medical records). Here, the ALJ found that no treating or examining medical professional opined that Holloway had limitations due to her impairments greater than provided in the RFC. (R. 257). Holloway has not contested this finding. Moreover, the ALJ found that Holloway's "migraine headaches have shown significant improvement with treatment (Exhibits 34F/175)". (R. 255-56). Additionally, in general, the ALJ

noted that Holloway's statement concerning the limiting effects of her symptoms were not entirely consistent with the evidence. (R. 258). This Court will not re-weigh the evidence nor substitute its judgment for that of the ALJ where, as here, the ALJ's judgment is supported by substantial evidence.

With respect to the second argument, the MRI in question did not diagnose a new condition, as Holloway had already been diagnosed with migraines and the ALJ found the migraines to be a severe impairment.  Additionally, as the Commissioner points out, Holloway saw Dr. Patel, a neurologist, after the February 2022 MRI, and he opined that the MRI did not support surgical treatment, nor require any change in treatment.  (Tr. 1705-06). The Seventh Circuit has held that remand is not warranted when the new MRI did not "change the picture" to an extent that an updated medical opinion is required. *Baptist v. Kijakazi*, 74 F.4th 437, 443 (7th Cir. 2023). Holloway, in reply argues that the MRI "indicated medical corroboration of the occurrence of migraine headaches which are, by their very definition, debilitating neurological events...". (Reply at 5).  However, as noted above, the diagnosis of migraines was already in the record and accepted by the ALJ.  The question here is whether the migraines caused limitations that should have been included in the RFC. Although Holloway insists that she would be off-task an inordinate amount of time if she were to work, the ALJ did not accept that Holloway's subjective symptoms were supported by the evidence and, as the evidence does not compel a contrary result, this Court will not disturb the ALJ's finding.

As there is no basis for remand, the Decision must be affirmed.

## CONCLUSION

For the reasons set forth above, the Defendant's Decision is AFFIRMED.  The Clerk is

directed to enter judgment in favor of Defendant and against Plaintiff.

SO ORDERED on April 1, 2024.

        /s/ *Cristal C. Brisco*
        CRISTAL C. BRISCO, JUDGE
        UNITED STATES DISTRICT COURT